UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE OF ILLINOIS; ) <br> THE ILLINOIS STATE BOARD OF ) <br> ELECTIONS; and DANIEL WHITE, ) <br> Executive Director of the Illinois State ) <br> Board of Elections, ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No. |

# **COMPLAINT**

The United States of America alleges:

1. This action is brought by the Attorney General on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"). UOCAVA requires that absent uniformed services voters and overseas voters ("UOCAVA voters") shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. § 1973ff-4, and brings this enforcement action to ensure that Illinois's UOCAVA voters have sufficient opportunity to receive absentee ballots they have requested in accordance with federal

law and submit marked absentee ballots in time to be counted for the November 2, 2010 Federal general election.

3. This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

4. Defendant State of Illinois is responsible for complying with UOCAVA and ensuring that validly requested absentee ballots are sent to UOCAVA voters in accordance with its terms. 42 U.S.C. §§ 1973ff-1, 1973ff-6.

5. Defendant Illinois State Board of Elections is the state body with general supervisory powers over the administration of election laws in Illinois. 10 Ill. Comp. Stat. 5/1A-1. As such, the Illinois State Board of Elections is responsible for Illinois's compliance with UOCAVA.

6. Daniel White is the Executive Director of the Illinois State Board of Elections and is sued in his official capacity.

7. Pursuant to amendments made by the MOVE Act, Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election, unless a hardship exemption is obtained pursuant to Section 102(g) of UOCAVA. 42 U.S.C. § 1973ff-1(a)(8). Illinois did not seek or obtain a hardship exemption for the November 2, 2010 election.

8. Illinois election officials received timely requests for absentee ballots for the November 2, 2010 Federal general election from voters who are entitled to vote pursuant to the provisions of UOCAVA.

9. The 45th day before the November 2, 2010 Federal general election was September 18, 2010.

10. Under Illinois law, ballots from UOCAVA voters postmarked by midnight on the day before the election will be counted if received by the 14th day following election day. *See* 10 Ill. Comp. Stat. 5/20-2; 10 Ill. Comp. Stat. 5/20-2.1. For the November 2, 2010 Federal general election, ballots from UOCAVA voters must be postmarked by November 1, 2010 and received by November 16, 2010.

11. Despite the September 18, 2010 deadline mandated by federal law, election officials in at least 35 Illinois counties nonetheless failed to transmit ballots by September 18, 2010 to the UOCAVA voters in those counties who validly requested ballots by that date. Upon information and belief, 29 of those counties transmitted ballots between 2 and 12 days late, between September 20 and September 30, 2010. Three counties transmitted ballots on October 4, 2010, 16 days late. Two counties transmitted ballots on October 5, 2010, 17 days late. One county transmitted ballots on October 8, 2010, 20 days late.

12. Defendants' failure to transmit absentee ballots at least 45 days in advance of the November 2, 2010 Federal general election to Illinois's UOCAVA voters who had requested ballots by that date constitutes a violation of Section 102(a)(8)(A) of UOCAVA. 42 U.S.C. § 1973ff-1(a)(8)(A).

13. Pursuant to amendments made by the MOVE Act, UOCAVA requires that states permit UOCAVA voters to designate whether they prefer their ballots be transmitted by mail or electronically and then transmit ballots according to the voter's preferred method. 42 U.S.C. §§ 1973ff-1(a)(7), 1973ff-1(f)(1).

14. Upon information and belief, some Illinois counties did not transmit absentee ballots by electronic means to UOCAVA voters who timely requested electronic delivery of their ballots, and instead sent such ballots to voters by postal mail. Accordingly, some Illinois UOCAVA

voters were not permitted to receive absentee ballots electronically for the November 2, 2010 election.

15. Defendants' failure to transmit absentee ballots to UOCAVA voters in accordance with the voters' requested method of electronic delivery for the November 2, 2010 Federal general election constitutes a violation of Sections 102(a)(7) and 102(f)(1) of UOCAVA. 42 U.S.C. §§ 1973ff-1(a)(7), 1973ff-1(f)(1).

16. An order of this Court is necessary to require Defendants to take corrective action in order to protect the rights granted by UOCAVA and to ensure that Illinois's UOCAVA voters have sufficient opportunity to receive, mark, and submit their ballots in time to have them counted for the November 2, 2010 general election for Federal office.

WHEREFORE, Plaintiff asks this Court to hear this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. § 1345, and:

(1) Issue a declaratory judgment under 28 U.S.C. § 2201 that the failure of Illinois election officials to transmit absentee ballots to UOCAVA voters at least 45 days in advance of the November 2, 2010 general election for Federal office and to transmit absentee ballots electronically when so requested violates Sections 102(a)(8)(A), 102(a)(7), and 102(f)(1) of UOCAVA; and

(2) Issue injunctive relief ordering the Defendants, their agents and successors in office, and all persons acting in concert with them:

   (a) To immediately take such steps as are necessary to ensure that UOCAVA voters who requested electronic delivery of their ballots for the November 2, 2010 general election for Federal office have the opportunity to receive a ballot by their preferred method of delivery;

(b) To take such steps as are necessary to ensure that UOCAVA voters have sufficient opportunity to receive, mark, and submit their ballots in time to have them counted in the November 2, 2010 general election for Federal office;

(c) To take such steps as are necessary to afford UOCAVA voters who are eligible to participate in Illinois's November 2, 2010 general election for Federal office a reasonable opportunity to learn of this Court's order;

(d) To provide reports concerning the transmission, receipt, and counting of ballots for the November 2, 2010 general election for Federal office pursuant to this Court's order; and

(e) To take such other steps as are necessary to ensure that Illinois conducts its elections in compliance with UOCAVA in future federal elections.

The United States further asks this Court to order such other relief as the interests of justice may require, together with the costs and disbursements of this action.

Date: October 22, 2010

                                                      Respectfully submitted,

                                                      ERIC H. HOLDER, JR.
                                                      Attorney General

| | |
|---|---|
| PATRICK J. FITZGERALD<br>United States Attorney<br>Northern District of Illinois<br><br>By: /s/ *Patrick W. Johnson*<br>PATRICK W. JOHNSON<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, Illinois 60604<br>(312) 353-5327<br>patrick.johnson2@usdoj.gov | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br> /s/ *Justin Weinstein-Tull*<br>T. CHRISTIAN HERREN JR.<br>REBECCA WERTZ<br>LEMA BASHIR<br>JUSTIN WEINSTEIN-TULL<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone:   (202) 353-0319<br>Facsimile:   (202) 307-3961 |