UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE STATE OF ILLINOIS; ) <br> THE ILLINOIS STATE BOARD OF ) <br> ELECTIONS; and DANIEL WHITE, ) <br> Executive Director of the Illinois State ) <br> Board of Elections, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 10-cv-06800 <br> Judge: Hibbler |

## CONSENT DECREE

Plaintiff United States of America initiated this action against the State of Illinois, the Illinois State Board of Elections, and Daniel White, the Executive Director of the Illinois State Board of Elections, in his official capacity (collectively, "Defendants"), to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7. The United States alleges violations of UOCAVA arising from the failure to (1) transmit absentee ballots to absent uniformed services voters and overseas voters ("UOCAVA voters") from at least 35 Illinois counties by the 45th day before the November 2, 2010 Federal general election; and (2) transmit absentee ballots by electronic means to some UOCAVA voters who requested electronic delivery of their ballots. Absent corrective action, some UOCAVA voters from Illinois will be denied the right granted by Federal law to receive their ballots electronically and will not be provided the time specified under Federal law to receive, mark, and submit their ballots in time to have those ballots counted in the November 2, 2010 Federal general election.

1

The United States and Defendants, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties share the goal of providing UOCAVA voters with sufficient opportunity under Federal law to participate in the November 2, 2010 Federal general election. The parties have negotiated in good faith and hereby agree to the entry of this Consent Decree as an appropriate resolution of the UOCAVA violations alleged by the United States. Accordingly, the United States and Defendants stipulate and agree that:

1. This action is brought by the U.S. Attorney General on behalf of the United States pursuant to UOCAVA, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"). UOCAVA provides that UOCAVA voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

2. The U.S. Attorney General is authorized to enforce the provisions of UOCAVA, 42 U.S.C. § 1973ff-4, and this Court has jurisdiction of this action pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

3. UOCAVA requires the State of Illinois (and therefore, by operation of state law, each of its 110 election authorities, which administer the State's election laws in their respective jurisdictions) to comply with UOCAVA and to ensure that validly requested absentee ballots are transmitted to UOCAVA voters in accordance with the statute's requirements. 42 U.S.C. §§ 1973ff-1 & 1973ff-6. Defendant Illinois State Board of Elections ("Board") is the state body with general supervisory powers over the administration of election laws in Illinois and is comprised of eight members appointed by the Governor. 10 ILCS 5/1A-1. Election authorities

are the elected offices of the county clerk or a Board of Election Commissioners, which is appointed by the Circuit Court in the respective jurisdictions and are responsible for the conduct of the elections, including the administration of absentee voting in their respective jurisdictions. 10 ILCS 5/1-1 et seq. Daniel White is the Executive Director of the Illinois State Board of Elections and is sued in his official capacity.

4. Pursuant to amendments made by the MOVE Act, Section 102(a)(8)(A) of UOCAVA requires that states transmit validly requested ballots to UOCAVA voters not later than 45 days before an election for Federal office when the request is received at least 45 days before the election, unless a hardship exemption is obtained pursuant to Section 102(g) of UOCAVA. 42 U.S.C. § 1973ff-1(a)(8)(A). Illinois did not seek or obtain a hardship exemption for the November 2, 2010 election.

5. Illinois election authorities received requests for absentee ballots on or before the 45th day prior to the November 2, 2010 Federal general election from voters who are entitled to vote pursuant to the provisions of UOCAVA.

6. The deadline for transmission of absentee ballots to UOCAVA voters who had requested them at least 45 days before the November 2, 2010 general election for Federal office was September 18, 2010.

7. Under Illinois law, ballots from UOCAVA voters postmarked by midnight on the day before the election will be counted if received by the 14th day following election day. *See* 10 Ill. Comp. Stat. 5/20-2; 10 Ill. Comp. Stat. 5/20-2.1. For the November 2, 2010 Federal general election, ballots from UOCAVA voters must be postmarked by November 1, 2010 and received by November 16, 2010 in order to be counted.

8. Election authorities in at least 35 Illinois election jurisdictions did not transmit ballots by September 18, 2010 to the UOCAVA voters in those election jurisdictions who requested ballots by that date. Three counties (Boone, Jersey, and St. Clair) transmitted ballots to such voters on October 4, 2010, 16 days late. Two counties (Hancock and Schuyler) transmitted ballots to such voters on October 5, 2010, 17 days late. One county (Massac) transmitted ballots to such voters on October 8, 2010, 20 days late. The other 29 counties transmitted ballots to such voters between 2 and 12 days late; between September 20 and September 30, 2010.

9. The failure to transmit absentee ballots to UOCAVA voters who requested them by the 45th day before the November 2, 2010 Federal general election (September 18, 2010), constitutes a violation of Section 102(a)(8)(A) of UOCAVA, 42 U.S.C. § 1973ff-1(a)(8)(A).

10. Pursuant to amendments made by the MOVE Act, UOCAVA requires that states permit UOCAVA voters to designate whether they prefer their ballots to be transmitted by mail or electronically and then to transmit ballots according to the voter's preferred method. 42 U.S.C. §§ 1973ff-1(a)(7), 1973ff-1(f)(1).

11. Some Illinois election authorities did not transmit absentee ballots by electronic means to UOCAVA voters who timely requested electronic delivery of their ballots, and instead sent such ballots to voters by postal mail. Accordingly, some Illinois UOCAVA voters have not yet received absentee ballots electronically for the November 2, 2010 Federal general election.

12. The failure to transmit absentee ballots to UOCAVA voters in accordance with the voters' requested method of electronic delivery for the November 2, 2010 Federal general election constitutes a violation of Sections 102(a)(7) and 102(f)(1) of UOCAVA. 42 U.S.C. §§ 1973ff-1(a)(7), 1973ff-1(f)(1).

13. To ensure that Illinois's UOCAVA voters will have sufficient opportunity under federal law to receive the absentee ballots they have requested (and by the delivery method requested), and to submit marked absentee ballots in time to be counted for the November 2, 2010 Federal general election, the parties agree that this Court should enter an order that (a) requires that all UOCAVA voters who properly requested but did not receive transmission of their ballots electronically be provided that opportunity immediately, (b) extends the deadline for receipt of ballots for UOCAVA voters in Boone, Jersey, and St. Clair Counties to November 18, 2010, and for UOCAVA voters in Hancock, Massac, and Schuyler Counties to November 19, 2010; and (c) extends the deadline by which ballots must be postmarked in order to be counted to November 2, 2010 for Boone, Jersey, St. Clair, Hancock, Massac, and Schuyler counties.

14. The parties reserve the right to modify this agreement as necessary, and to seek additional supplemental relief, if information regarding additional UOCAVA violations is discovered.

WHEREFORE, the parties having given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, and DECREED by the Court that:

> (1) Defendants shall, upon entry of this decree, order the pertinent election authorities to ensure that all UOCAVA voters who requested to receive their ballots electronically for the November 2, 2010 Federal general election are transmitted their ballot immediately, within one business day of entry of this decree, by the requested electronic method. The information provided with the ballot shall include appropriate instructions explaining the ballot return deadlines and the

option and procedures for returning the ballot in order for it to be counted, including the procedures adopted in paragraph (2) below.

(2) To ensure that UOCAVA voters who return multiple ballots (by virtue of having received a ballot by mail and electronically) will have their ballot counted, Defendants shall order election authorities to count the ballot that was mailed to the voter. Defendants shall order election authorities to notify all affected UOCAVA voters of this procedure.

(3) To ensure that Illinois's UOCAVA voters will have sufficient opportunity under Federal law to receive absentee ballots they have requested, and to submit marked absentee ballots in time to be counted for the November 2, 2010 Federal general election, Defendants shall order election authorities to count as validly cast ballots in the November 2, 2010 Federal general election all ballots, including Federal Write-In Absentee Ballots, (a) cast by UOCAVA voters from Boone, Jersey, and St. Clair Counties, provided such ballots are postmarked on or before November 2, 2010, received by November 18, 2010, and are otherwise valid; and (b) cast by UOCAVA voters from Hancock, Massac, and Schuyler Counties, provided such ballots are postmarked on or before November 2, 2010, received by November 19, 2010, and are otherwise valid;

(4) Defendants shall order Massac County's election authority to contact each of Massac County's UOCAVA voters who has not yet returned

his or her ballot and provide those voters with a pre-paid, express means of returning their ballots.

(5) Upon entry of the decree, Defendants shall order all Illinois election authorities to certify that they transmitted ballots to all qualified UOCAVA voters in accordance with UOCAVA's terms.

    a)    Should Defendants learn that any additional properly and timely requested UOCAVA ballot for the November 2, 2010 Federal general election was not transmitted, they shall immediately order the election authority in question to transmit the ballot to the UOCAVA voter electronically or by express mail delivery (as the voter chooses) and ensure that the voter is provided a pre-paid, express method of returning the ballot. Defendants shall order the election authorities to ensure that these ballots are counted as validly cast ballots in the November 2, 2010 Federal general election, provided such ballots are postmarked on or before November 2, 2010, received by November 19, 2010, and are otherwise valid; and

    b)    Should Defendants learn that any additional properly and timely requested UOCAVA ballot for the November 2, 2010 Federal general election was transmitted after October 6, 2010, and was transmitted more than two days after the request, they shall order the election authority to immediately contact the voter to offer them a pre-paid, express method of returning the ballot.

Defendants shall order the election authorities to ensure that these ballots are counted as validly cast ballots in the November 2, 2010 Federal general election, provided such ballots are postmarked on or before November 2, 2010, received by November 19, 2010, and are otherwise valid.

Defendants shall promptly notify counsel for the United States of any actions taken in accordance with this paragraph.

(6) For purposes of this Decree, postmark shall include the date contained on the express mail delivery packaging for ballots returned by express mail delivery (or absent a postmark, the date inserted on the certification, as provided in 10 ILCS 5/20-8(c)).

(7) To provide an opportunity for UOCAVA voters to learn of this Court's order, upon the entry of this Consent Decree, Defendants shall (a) order the election authorities to notify by email, telephone, or fax all affected voters in Boone, Jersey, St. Clair, Hancock, Massac, and Schuyler Counties for whom they have such contact information of the appropriate deadline and procedures for returning their ballots; and (b) issue for immediate release a press statement, agreed upon by the parties and filed with this Court within one day of entry of this order. Defendants shall post the release immediately on Illinois's State Board of Elections website and order the election authorities to post it on each of the affected county websites, if maintained by such county. Defendants shall distribute the release to the Federal Voting

Assistance Program; International Herald Tribune (http://www.iht.com); USA Today International (http://www.usatoday.com); Military Times Media Group (cvinch@militarytimes.com); Overseas Vote Foundation (http://www.overseasvotefoundation.org/intro/); Stars and Stripes (www.estripes.com); and any other Illinois newspaper or news media Defendants choose.

(8) Defendants shall order the affected election authorities to provide a written certification to the Board that all absentee ballots validly requested by UOCAVA voters by October 3, 2010 have been transmitted by the method the voter requested; such certification shall be provided no later than three business days after the entry of this order. Defendants shall order each election authority to include, in its certification: (a) the number of UOCAVA absentee ballot requests received by September 18, 2010, between September 19, 2010 and October 3, 2010, and between October 3, 2010 and the date each county completed transmitting those ballots; (b) the number of UOCAVA absentee ballot requests, by the requested method of transmittal, for all UOCAVA absentee ballot requests received prior to the date each county completed transmitting those ballots; and (c) by date, the number of UOCAVA ballots transmitted and the method of transmittal thereof. The Board shall file such certifications with this Court within 4 business day after entry of this order.

(9) No later than 3 business days after entry of this order, the Board shall order the affected election authorities to provide written certification to the Board indicating (a) when and by what means the UOCAVA voters were given notice of the extension of the receipt deadline for their ballots, and (b) when and by what means the UOCAVA voters in Massac County were provided with a pre-paid, express means of returning their ballots. The Board shall file such certifications with this Court no later than 4 business day after entry of this order.

(10)    Defendants shall order the election authorities to provide the Board, by no later than December 10, 2010, written certification of the following information, categorized by uniformed services overseas voters, uniformed services voters within the United States, and overseas civilian voters:

a.    The number of absentee ballots from UOCAVA voters received by each election jurisdiction before the close of the polls on November 2, 2010 and counted;

b.    The number of absentee ballots from UOCAVA voters received by each election jurisdiction after the close of polls on November 2, 2010, but prior to the close of business on November 16, 2010 and counted;

c.    The number of absentee ballots from the affected UOCAVA voters in Boone, Jersey, and St. Clair Counties received and counted after the expiration of the deadline for

receipt of absentee ballots on November 16, 2010 but prior to the close of business on November 18, 2010, broken down by county;

d. The number of absentee ballots from the affected UOCAVA voters in Hancock, Massac, and Schuyler Counties received and counted after the expiration of the deadline for receipt of absentee ballots on November 16, 2010 but prior to the close of business on November 19, 2010, broken down by county;

e. The number of absentee ballots from the affected UOCAVA voters in Boone, Jersey, and St. Clair Counties received by each county later than the close of business on November 18, 2010;

f. The number of absentee ballots from the affected UOCAVA voters in Hancock, Massac, and Schuyler Counties received by each county later than the close of business on November 19, 2010;

g. The number of absentee ballots from UOCAVA voters received by each election jurisdiction that were not counted in the general election for Federal office, for reasons other than late receipt, and the reasons such ballots were not counted.

The Board shall file such certifications with this Court by December 17, 2010.

(11) The Defendants shall take all reasonable steps necessary to provide UOCAVA voters a fair and reasonable opportunity to participate in future Federal elections, including ordering the election authorities to alter their election practices. The Defendants shall undertake an investigation to determine the cause of the violation of UOCAVA, which may include ordering the election authorities to determine the cause of the late mailed ballots and failure to transmit ballots electronically in accordance with UOCAVA voters' requests, and report such findings to the Board. The Defendants shall take any administrative or other actions, including recommending legislation, needed to prevent future UOCAVA violations. The parties shall confer on the progress of these efforts and Defendants shall provide a status report to the United States by March 15, 2011.

(12) The Election Assistance Commission having advised Defendants that it is permissible to use funds available from the Federal Help America Vote Act to pay for postage costs associated with express mail delivery of UOCAVA ballots, the State Board of Elections shall use such funds for that purpose.

(13) The Defendants shall take all reasonable steps necessary to ensure that Illinois election authorities comply with the requirements of this Consent Decree, including formal and

informal follow-up action and directives and any necessary legal action.

(14) In the event an election authority fails to comply with any requirement of this Consent Decree, including any required Board order, any party may seek relief from this Court to compel compliance by the election authorities and any other relief deemed appropriate.

(15) Nothing in this consent decree shall be construed to amend or modify the order entered by the U.S. District Court, Northern District of Illinois on August 2, 2010 in *Judge v. Quinn*, No. 09 C 1231.

The Court shall retain jurisdiction over this action through December 31, 2012 to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree and to enter such relief as may be necessary to abate any UOCAVA violation with respect to future Federal elections.

Date: October 22, 2010

The undersigned agree to entry of this Consent Decree.

For the Plaintiff:

                                ERIC H. HOLDER, JR.
                                Attorney General

PATRICK J. FITZGERALD          THOMAS E. PEREZ
United States Attorney              Assistant Attorney General
Northern District of Illinois         Civil Rights Division

By: */s/ Patrick W. Johnson*
PATRICK W. JOHNSON           T. CHRISTIAN HERREN JR.
Assistant United States Attorney   REBECCA WERTZ
219 South Dearborn Street        LEMA BASHIR
Chicago, Illinois 60604            JUSTIN WEINSTEIN-TULL
(312) 353-5327                     Attorneys, Voting Section
patrick.johnson2@usdoj.gov      Civil Rights Division
                                U.S. Department of Justice
                                950 Pennsylvania Avenue, N.W.
                                Washington, D.C. 20530
                                Telephone: (202) 353-0319
                                Facsimile: (202) 307-3961

For the Defendants:

LISA MADIGAN
Attorney General of Illinois

State Board of Elections

By: *[signature]*
Title: Executive Director
Date: October 21, 2010

KATHLEEN KREISEL FLAHAVEN
THOMAS A. IOPPOLO
S. ANN WALLS
Assistant Attorneys General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-3313
Facsimile: (312) 814-4425

SO ORDERED this 22nd day of OCTOBER, 2010.

*[signature: Wm. J. Hibbler]*
United States District Judge