# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD ANTHONY JUDGE and<br>DAVID KINDLER,<br><br>           Plaintiffs,<br><br>       v.<br><br>PAT QUINN, GOVERNOR of the STATE of<br>ILLINOIS and ROLAND W. BURRIS,<br>U.S. SENATOR,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)   No. 09 C 1231<br>)<br>)   Honorable John F. Grady<br>)   Magistrate Judge Michael T. Mason<br>)<br>)<br>)<br>)<br>) |

## PERMANENT INJUNCTION ORDER

This case is before the court on plaintiffs' motion for an injunction consistent with the June 16, 2010 and July 22, 2010 decisions of the U.S. Court of Appeals for the Seventh Circuit in this case, No. 09-2219, and the court being fully advised in the premises,

The court finds, declares, and orders as follows:

1. This court enters this order pursuant to and consistent with the directives of the Court of Appeals in its June 16, 2010 and July 22, 2010 decisions.

2. The Seventeenth Amendment to the Constitution of the United States provides in pertinent part,

> When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies: *Provided*, That the legislature of any State may empower the executive thereof to make temporary appointments until the people fill the vacancies by election as the legislature may direct.

U.S. Const. Am. XVII.

3. The Seventeenth Amendment requires that every time a vacancy occurs in a State's U.S. Senate delegation, the State must hold an election in which the people elect a permanent

replacement to fill the vacant seat and that the State's Governor must issue a writ of election that includes a date for such an election to take place.

3. The Seventeenth Amendment further provides that the State's legislature may empower the State's executive authority to appoint a temporary replacement until the vacancy is filled by election. The State's legislature may "direct" such election; this includes the authority to prescribe the date on which the election shall take place.

4. The Illinois Election Code provides,

> When a vacancy shall occur in the office of the United States Senator from this state, the Governor shall make temporary appointment to fill such vacancy until the next election of representatives in Congress, at which time such vacancy shall be filled by election, and the senator so elected shall take office as soon thereafter as he shall receive his certificate of election.

10 ILCS § 5/25-8.

5. On November 16, 2008, a vacancy occurred in the Illinois U.S. Senate delegation upon the resignation of then-Senator Barack Obama. Consistent with the authority conferred upon the Illinois legislature by the Seventeenth Amendment, 10 ILCS § 5/25-8 provides that the election to fill that vacancy shall take place on November 2, 2010. But in prescribing the date for the vacancy election the Illinois legislature did not relieve the Governor of Illinois of his constitutional obligation to issue a writ of election.

6. On July 29, 2010, because of the rulings of the Court of Appeals in this case requiring that the Governor issue a writ of election, the defendant Governor of Illinois issued a writ of election to call an election on November 2, 2010 to fill the vacancy created by the Obama resignation.

7. The court finds that the writ of election issued by the Governor of Illinois complies with the Seventeenth Amendment and 10 ILCS § 5/25-8.

8. The court further finds that, in accordance with the June 16, 2010 ruling of the Court of Appeals, the time during which the Senator elected to fill the Obama vacancy will serve if elected at the November 2, 2010 election is not *de minimis*.

9. After the Court of Appeals issued its decision on June 16, 2010 this court conducted hearings on June 23, 2010, June 30, 2010, July 21, 2010, July 26, 2010, and July 29, 2010 to consider procedures for conducting a special election on short notice.

10. As the Court of Appeals has held in this case, to the extent that Illinois law makes compliance with a provision of the federal Constitution difficult or impossible, it is Illinois law that must yield to the extent that it otherwise might apply to cause delay or prevent action entirely. Accordingly, this court may formulate, as necessary, mechanisms for the conduct of a special election on November 2, 2010 to fill the U.S. Senate seat vacancy in order to comply with the Seventeenth Amendment consistent with the Court of Appeals' ruling in this case.

11. The court finds that, as in the case of the special election resulting from the decision of the Court of Appeals in Jackson v. Ogilvie, 426 F.2d 1333 (7th Cir. 1970), no primary is necessary to select the candidates to appear on the ballot for the special election to fill the vacancy in the U.S. Senate.

12. The candidates placed on the special election ballot must be limited to a manageable number and should be chosen, not arbitrarily, but for having demonstrated a measure of popular support for the office of U.S. Senator.

3

13. The court finds that the procedures applied in the special election resulting from the decision in <u>Jackson v. Ogilvie</u>, 426 F.2d 1333 (7th Cir. 1970), permitting the candidates for the subsequent six-year U.S. Senate term to stand as the candidates for the special election, also should apply in the special election to fill the current U.S. Senate seat vacancy. Accordingly, the established political party candidates who will appear on the ballot in the special election to fill the vacancy shall be those candidates who won their respective party primaries to run for the full six-year U.S. Senate term in the General Election; and the new political party candidates and independent candidates who will appear on the ballot in the special election to fill the vacancy shall be those candidates who have filed nomination petitions, who meet the signature and other applicable requirements to participate in the race for the full six-year U.S. Senate term in the General Election under Sections 10-2 and 10-3, respectively, of the Illinois Election Code and who are duly certified for that race by the Illinois State Board of Elections.

14. The ballot for the November 2, 2010 election shall be configured so that the choice of candidates to fill the vacancy shall appear immediately following the choice of candidates for the full six-year U.S. Senate term. The order of the parties and candidates on the special election ballot for the vacancy shall be the same as for the full six-year term.

15. The State Board of Elections (SBE) shall canvass the votes cast for the Special Election for U.S. Senator within 5 calendar days following receipt of the abstracts of votes from the Election Authorities. The Election Authorities shall transmit such abstracts to the SBE by e-mail attachment or by facsimile no later than the close of business on Friday, November 19, 2010. The 5 calendar day time period for the SBE to conduct its canvass may be extended up to 3 additional calendar days in the event that not all such abstracts are received by the SBE on

Friday, November 19, 2010 or that such abstracts contain errors or inconsistencies that are unable to be resolved within said 5 calendar days.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

a. The November 2, 2010 special election to fill the vacancy in the U.S. Senate created by the resignation of then-Senator Barack Obama on or about November 16, 2008 shall be conducted consistent with the findings and declarations in this order.

b. The Governor's temporary appointee shall continue his period of service in the U.S. Senate until the winner of the special election has taken the oath of office to serve out the remainder of former Senator Obama's term.

IT IS FURTHER ORDERED that notice of this injunction order shall be served on the Illinois State Board of Elections and the Illinois Secretary of State pursuant to Federal Rule of Civil Procedure 65(d)(2).

IT IS FURTHER ORDERED that this court shall retain jurisdiction for the purpose of ensuring that the special election is conducted in accordance with the terms of this order.

_John F. Grady_
United States District Judge

Date: August 2, 2010