IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-cv-06800 |
| v. ) | Judge: Hibbler |
| ) | |
| THE STATE OF ILLINOIS; ) | |
| THE ILLINOIS STATE BOARD OF ) | |
| ELECTIONS; and RUPERT ) | |
| BORGSMILLER, Executive Director ) | |
| of the Illinois State Board of Elections, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SUPPLEMENTAL CONSENT DECREE

Plaintiff United States of America initiated this action on October 22, 2010 against the State of Illinois, the State Board of Elections, and its Executive Director ("the State" or "the Defendants"), to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act"). On that same date, this Court entered a Consent Decree (ECF No. 8), finding violations of UOCAVA and ordering the State to take certain actions as an appropriate remedy for those violations of federal law. Among other things, the Consent Decree extended the deadlines by which UOCAVA voters in some counties could return their ballots and imposed reporting requirements on the Defendants. The Decree also required the Defendants to "take all reasonable steps necessary to provide UOCAVA voters a fair and reasonable opportunity to participate in future Federal elections, including ordering the election authorities to alter their election practices" and "take any administrative or other actions, including recommending

legislation, needed to prevent future UOCAVA violations." Consent Decree at 12. The Consent Decree further requires the parties to confer on the progress of this permanent relief.

The parties have conferred in an effort to reach agreement on the terms of future relief as required by the Consent Decree. In so doing, the parties have been guided by the following principles:

1. Defendant State of Illinois is obligated to comply with UOCAVA as amended by the MOVE Act;

2. The adoption of monitoring, certification, and training procedures is appropriate to ensure Defendants' ongoing compliance with UOCAVA; and

3. The adoption of additional safeguards is appropriate should absentee ballots not be sent to UOCAVA voters by the dates prescribed by federal law.

WHEREFORE, the parties having freely given their consent, and the terms of this Consent Decree being fair, reasonable, adequate, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Because UOCAVA enforcement depends on timely and accurate information about the extent of compliance by each of the state's Election Authorities, Defendants shall adopt the following procedures designed to timely determine statewide UOCAVA compliance:

   a. Beginning the 55th day prior to each Federal election, Defendants shall survey each Illinois Election Authority to determine: (1) whether each Election Authority has received a sufficient number of printed absentee ballots sufficiently ahead of the 45-day mailing deadline to transmit those ballots as required by UOCAVA; (2) whether each Election Authority has the technical capacity to transmit all requested ballots by the requested method of

transmission; and (3) whether any Election Authority anticipates any circumstances that would prevent it from transmitting all requested ballots to UOCAVA voters by the requested method of transmission and by the appropriate deadline. Based on the results of this survey, Defendants will determine whether providing additional support to any Election Authority will ensure that it meets UOCAVA's deadlines. Where providing additional support to any Election Authority will ensure that the Election Authority meets UOCAVA's deadlines, Defendants shall provide it where reasonable. Defendants shall provide the results of their survey to counsel for the United States in a format agreed to by the parties no later than 5:00 pm Eastern time on the 48th day before each Federal election.

    b.  By the 45th day prior to each Federal election, Defendants shall obtain from each Election Authority written or electronic certifications, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received by each Election Authority on or before the 45th day before each Federal election from any voter entitled to vote pursuant to UOCAVA and the method of transmission requested; (2) the date on which the Election Authority began sending absentee ballots to those UOCAVA voters; (3) the date on which and method of transmission by which the Election Authority completed sending those absentee ballots; and (4) an affirmative declaration that all UOCAVA ballots requested by the 45th day before each Federal election were transmitted by the 45th day by the requested method of transmission.

    c.  Defendants shall compile the data provided by the Election Authorities described in paragraph 1(b) above into a spreadsheet format devised in consultation with the United States and transmit such spreadsheet electronically to counsel for the United States no later than 5:00 pm Eastern time on the 43rd day before each Federal election.

d. Simultaneous with the data transmission required by paragraph 1(c), Defendants shall certify in writing to counsel for the United States that all of the data reported pursuant to paragraph 1(b) of this Supplemental Decree is accurate to the best of their knowledge.

e. From any Election Authority that failed to transmit, by the 45th day and by the requested transmission method, any absentee ballot requested by any UOCAVA voter by that 45th day, as determined by paragraph 1(b) above, Defendants shall obtain written or electronic certifications, in a format agreed to by the parties, of: (1) the number of absentee ballot applications received by each Election Authority after the 45th day and on or before the 30th day before each Federal election from any voter entitled to vote pursuant to UOCAVA and the method of transmission requested; (2) the date on which and method of transmission by which the Election Authority transmitted the requested ballots; and (3) an affirmative declaration that all UOCAVA ballots requested after the 45th day and on or before the 30th day were transmitted in accordance with 42 U.S.C. § 1973ff-1(a)(8)(B) by the requested method of transmission.

f. From all other Election Authorities, Defendants shall obtain written or electronic certifications, in a format agreed to by the parties, that all UOCAVA ballots requested after the 45th day and on or before the 30th day from any voter entitled to vote pursuant to UOCAVA were transmitted in accordance with 42 U.S.C. § 1973ff-1(a)(8)(B) by the requested method of transmission.

g. Defendants shall compile the data provided by the Election Authorities described in paragraphs 1(e) and 1(f) above into a spreadsheet format devised in consultation with the United States and transmit such spreadsheet electronically to counsel for the United States no later than 5:00 pm Eastern time on the 27th day before each Federal election.

h. Simultaneous with the data transmission required by paragraph 1(g) above, Defendants shall certify in writing to counsel for the United States that all of the data reported pursuant to paragraphs 1(e) and 1(f) of this Supplemental Decree is accurate to the best of their knowledge.

2. Prior to the March 20, 2012 Federal primary election, Defendants shall conduct a training program for at least one election official who is responsible for UOCAVA ballot transmission from each Election Authority on the requirements of UOCAVA, as amended by the MOVE Act, and the need to send absentee ballots by the requested method of transmission to UOCAVA voters in a timely manner. The training materials Defendants have provided to the United States will satisfy this requirement once they are distributed to the Election Authorities no later than January 19, 2012.

3. Defendants shall take all reasonable steps necessary to ensure that each of its Election Authorities transmits absentee ballots by the 45th day before a Federal election by the requested method of transmission to all UOCAVA voters who requested absentee ballots by that day, and transmits ballots for which a request is received after the 45th day and on or before the 30th day before a Federal election in accordance with 42 U.S.C. § 1973ff-1(a)(8)(B) by the requested method of transmission. If necessary to ensure compliance, Defendants agree to take appropriate legal action against such Election Authority to compel it to transmit the ballots as required by UOCAVA.

4. If, notwithstanding any actions taken by Defendants pursuant to the preceding paragraph, evidence exists that any Election Authority failed to transmit absentee ballots as required by UOCAVA, the United States may move for injunctive relief to cure a violation of UOCAVA. In the case of a future UOCAVA violation, the parties agree that appropriate relief

may include, but is not limited to, one or more of the following remedies, depending upon the circumstances presented:

      a.      An appropriately tailored extension of the deadline for receipt of absentee ballots beyond the fourteen-day extension effectuated by Illinois law, provided that those ballots have been postmarked by election day;

      b.      A requirement that absentee ballots be transmitted by the pertinent Election Authority to qualified UOCAVA voters by means other than regular United States mail, including express mail, at the expense of Defendants or the Election Authority, as appropriate;

      c.      A requirement that Defendants and/or the Election Authority take appropriate steps to make available to qualified UOCAVA voters other means of returning absentee ballots, including express mail, at the expense of Defendants or the Election Authority, as appropriate.

5.      Nothing in this Supplemental Consent Decree shall be construed to waive any of Illinois's obligations under UOCAVA, the MOVE Act, or the original Consent Decree.

6.      This Supplemental Consent Decree shall remain in effect through December 31, 2012, unless extended by written agreement of the parties.

7.      The Court shall retain jurisdiction over this action to enter such further relief as may be necessary for the effectuation of the terms of the original Consent Decree and this Supplemental Consent Decree.

The undersigned agree to entry of this Supplemental Consent Decree.

For the Plaintiff:

| | |
|---|---|
| PATRICK J. FITZGERALD<br>United States Attorney<br>Northern District of Illinois<br><br>By: /s/ *Patrick W. Johnson*<br>PATRICK W. JOHNSON<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Chicago, Illinois 60604<br>(312) 353-5327<br>patrick.johnson2@usdoj.gov | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>T. CHRISTIAN HERREN JR.<br>REBECCA WERTZ<br>ABEL GOMEZ<br>JUSTIN WEINSTEIN-TULL<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 353-0319<br>Facsimile: (202) 307-3961 |

Date: January 19, 2012

For the Defendants:

State Board of Elections

By: *[signature]*
Title: Executive Director SBE
Date: 1/18/12

LISA MADIGAN
Attorney General of Illinois


KATHLEEN KREISEL FLAHAVEN
THOMAS A. IOPPOLO

Assistant Attorneys General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
Telephone: (312) 814-3313
Facsimile: (312) 814-4425


SO ORDERED this ____ day of _____, 2012.


_____
United States District Judge